**Joel BLAZ, Plaintiff,**

v.

**GALEN HOSPITAL, ILLINOIS, INC., et al., Defendants.**

**No. 96 C 91.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 25, 1998.

Martin H. Freeman, Barbara E. Hirsch, Freeman & Jenner, P.C., Rockville, MD, E. Cooper Brown, H.W. Cummins, Cummins & Brown, Takoma Park, MD, for Joel Blaz, plaintiff.

Marvin A. Brustin, Marvin A. Brustin, Ltd., Chicago, IL, for Frances Lauer, Plaintiffs, on their own behalf, and as the representatives of a class of similarly situated persons, plaintiff.

Charles R. Krikorian, Lord, Bissell & Brook, Chicago, IL, for Galen Hospital, Illinois, Inc. dba Michael Reese Hospital & Medical Center, defendant.

Williams P. Dorr, Hugh L. Moore, David C. Hall, Jason Ayres Parson, Charles R. Krikorian, Lord, Bissell & Brook, Chicago, IL, Barney Cohen, Michael Reese Hospital Foundation, Chicago, IL, for Arthur B. Schneider, MD, defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

■ In his Amended Complaint, Joel Blaz alleges that the defendants subjected him to a series of harmful exposures to radiation while he was a child and that in the mid-1970s and thereafter they failed to warn him of the health risks associated with such exposures. The defendants move for partial summary judgment as to the third cause of action for negligence, the fourth cause of action for failure to warn, and the fifth cause of action for fraud. The defendants contend that Mr. Blaz suffered no injury attributable to their failure to notify him of the potential health risks associated with childhood irradiation, specifically the risks of parotid gland tumors and bilateral acoustic neuromas.[1] Under Illinois law, Mr. Blaz must present expert testimony to establish within a rea-sonable degree of medical certainty that an act of the defendants caused his injury. *See, e.g., Saxton v. Toole,* 240 Ill.App.3d 204, 608 N.E.2d 233, 238, 181 Ill.Dec. 160, 165 (1st Dist.1992); *First Nat'l Bank v. Porter,* 114 Ill.App.3d 1, 448 N.E.2d 256, 264, 69 Ill.Dec. 796, 804 (2d Dist.1983).

■ Mr. Blaz's left parotid gland tumor was discovered and surgically removed in 1974. There is no evidence that as of 1974, the defendants were aware of any relationship between childhood irradiation to the head and neck and subsequent tumors of the parotid or salivary glands. Furthermore, there is no evidence that as of 1974, the defendants had assembled sufficient data to suggest that there was an increased incidence of parotid gland tumors in individuals with a history of childhood irradiation to the head and neck. If the defendants did not know of the risk of developing parotid gland tumors in 1974, they cannot be liable for any failure to warn Mr. Blaz at that time.

■ In 1987, Mr. Blaz suffered a recurrence of the parotid gland tumor. Dr. Nicholas Cassisi, the otolaryngologist who performed Mr. Blaz's parotid tumor surgery in July, 1987, testified that he does not believe that Mr. Blaz would have benefitted from earlier detection or removal of the recurring parotid gland tumor. Dr. Scott Stringer, the otolaryngologist who performed the February, 1988 surgery on Mr. Blaz, testified that if a patient suffers from a benign parotid gland tumor, earlier detection would not, within reason, have much impact upon the patient's prognosis or quality of life.[2] Thus, the undisputed medical testimony establishes that earlier notification by the defendants of

---

1. The defendants initially moved for summary judgment on all three causes of action claiming that Mr. Blaz suffered no injury attributable to the defendants' purported failure to notify him of the risks of developing parotid gland tumors, jugular schwannomas, bilateral acoustic neuromas, and brain stem disorders. After Mr. Blaz had an opportunity to depose several of the physicians again, he filed a memorandum in opposition to summary judgment addressing the arguments relating to his jugular schwannoma and his brain stem disorder but not those relating to his parotid gland tumors or his bilateral acoustic neuromas. The defendants then withdrew their motion for summary judgment as it relates to the jugular schwannoma and the brain stem disorder, conceding that there are disputed facts.

2. Dr. Stringer did testify that if the tumor was large enough, it could affect a patient's quality of life by injuring the facial nerve. Mr. Blaz, however, suffered no residual effects from the removal of the recurrent parotid gland tumor.

the risk of parotid gland tumors would not have changed Mr. Blaz's medical outcome.

■ As for Mr. Blaz's bilateral acoustic neuromas, his treating physicians cannot even agree on whether he suffers from the disease. Dr. Stringer believes that he does while Dr. Noble David believes that he does not. Furthermore, even if Mr. Blaz does suffer from bilateral acoustic neuromas, Dr. Stringer testified that the tumors are very small and are not growing and that he has never treated Mr. Blaz for the tumors. If Dr. Stringer does not believe that Mr. Blaz's bilateral acoustic neuromas need treatment at this time, any failure by the defendants to notify Mr. Blaz earlier about the risks of developing bilateral acoustic neuromas cannot have caused him any injury.

### Conclusion

The defendants' motion for partial summary judgment on the third, fourth, and fifth causes of action is granted.